No. 18-2660

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| SCOTT HILDRETH, | ) | Appeal from the United States District Court for the Southern District of Illinois |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KIM BUTLER, LORI OAKLEY, and WEXFORD HEALTH SOURCES, INC., | ) | |
| | ) | |
| Defendants-Appellees, | ) | No. 15-cv-00831 |
| | ) | |
| and | ) | |
| | ) | |
| NEAL R. SCHWARZ, JACQUELINE LASHBROOK, MARVIN BOCHANTIN, DAWN MARCINKOWSKA, DAVID L. DWIGHT, and JOHN DOE AND JANE DOE, | ) | |
| | ) | The Honorable NANCY J. ROSENSTENGEL, |
| Defendants. | ) | Judge Presiding. |

ANSWER OF STATE DEFENDANTS-APPELLEES
KIM BUTLER AND LORI OAKLEY

**KWAME RAOUL**
Attorney General
State of Illinois

**JANE ELINOR NOTZ**
Solicitor General

100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-3312

**AARON T. DOZEMAN**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 793-1473
adozeman@atg.state.il.us

Attorneys for State Defendants-Appellees

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF THE CASE ............................................................................. 1

ARGUMENT ........................................................................................................ 3

    This Court should deny rehearing of the part of its decision affirming summary judgment for State Defendants-Appellees on the ADA claims because Hildreth does not seek rehearing of that matter. .................................. 3

CONCLUSION .................................................................................................... 4

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Glisson v. Ind. Dep't of Corr.*,
　849 F.3d 372 (7th Cir. 2017) .................................................................................. 3

*Hildreth v. Butler*,
　960 F.3d 420 (7th Cir. 2020) ............................................................................. 1, 2

*J.K.J. v. Polk Cty.*,
　960 F.3d 367 (7th Cir. 2020) .................................................................................. 3

*Monell v. New York City Soc. Servs.*,
　436 U.S. 658 (1978)................................................................................................ 1

**Other authorities**

42 U.S.C. § 1983 ............................................................................................................ 1

42 U.S.C. § 12101 *et seq.* ............................................................................................. 1

Fed. R. App. P. 35 ......................................................................................................... 3

## STATEMENT OF THE CASE

Plaintiff-Appellant Scott Hildreth, an inmate with Parkinson's disease, filed an action against Defendant-Appellee Wexford Health Sources, Inc., the prison's healthcare services provider, and State Defendants-Appellees Kim Butler and Lori Oakley, who were prison officials employed by the Illinois Department of Corrections. *See Hildreth v. Butler*, 960 F.3d 420, 422–23 (7th Cir. 2020). Invoking 42 U.S.C. § 1983, Hildreth alleged that Wexford was liable pursuant to *Monell v. New York City Social Services*, 436 U.S. 658 (1978), for acting with deliberate indifference to his medical needs by maintaining a custom of not timely refilling his medications, in violation of the Eighth Amendment. *Id.* at 424–25. He also alleged that State Defendants-Appellees violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, by confiscating his typewriter, which was deemed contraband, and then providing him with a writing assistant and extra library time as accommodations. *Id.* at 422–23. The district court entered summary judgment for all defendants. *Id.* at 425. Hildreth appealed. *Id.*

This Court affirmed the entry of summary judgment for all defendants. *Id.* at 423. As to Wexford, this Court determined that Hildreth's section 1983 claim failed as a matter of law because there were not enough instances of medication refill delays in the record to show that Wexford had a custom of delaying medication refills. *Id.* at 426–28. This Court also determined that the ADA claims against State Defendants-Appellees failed as a matter of law because they provided Hildreth with reasonable

1

accommodations after his typewriter was removed by giving him a writing assistant and extra library time to help him draft legal documents. *Id.* at 430–31.

In dissent, Judge Hamilton stated that the record contained sufficient evidence of failures by Wexford's medication refill and renewal systems to support a finding that it acted with deliberate indifference to Hildreth's medical needs. *Id.* at 432. He expressed no disagreement, however, with the fate of the ADA claims against State Defendants-Appellees. *See id.* at 432–41.

# ARGUMENT

## This Court should deny rehearing of the part of its decision affirming summary judgment for State Defendants-Appellees on the ADA claims because Hildreth does not seek rehearing of that matter.

Regardless of whether this Court grants rehearing on the section 1983 claims against Wexford, it should deny rehearing on the ADA claims against State Defendants-Appellees. Hildreth's petition for rehearing under Fed. R. App. P. 35 tracks Judge Hamilton's dissent on Wexford's potential liability under *Monell* for Eighth Amendment violations. Specifically, Hildreth argues that the majority's decision is at odds with *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372 (7th Cir. 2017) (en banc), and *J.K.J. v. Polk Cty.*, 960 F.3d 367 (7th Cir. 2020) (en banc), and that rehearing is necessary to maintain a uniform body of precedent on *Monell* liability. Pet. 1, 7–11. And Hildreth relatedly argues that there is sufficient evidence in the record for a jury to find Wexford liable for Eighth Amendment violations under *Monell* based on its medication refill system. *Id.* at 11–13. But Hildreth raises no argument for rehearing on the ADA claims against State Defendants-Appellees. Accordingly, this Court should deny rehearing on the ADA claims against State Defendants-Appellees, independent of whether it grants rehearing on the section 1983 claims against Wexford, because Hildreth does not seek rehearing of this Court's holding as to those claims.

## CONCLUSION

For these reasons, this Court should deny rehearing as to the ADA claims against State Defendants-Appellees Kim Butler and Lori Oakley.

Respectfully submitted,

**KWAME RAOUL**
Attorney General
State of Illinois

**JANE ELINOR NOTZ**
Solicitor General

100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-3312

Attorneys for State Defendants-Appellees

/s/ Aaron T. Dozeman
**AARON T. DOZEMAN**
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 793-1473
adozeman@atg.state.il.us

July 21, 2020

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This answer to a petition for rehearing and suggestion for rehearing en banc complies with the type-volume limitation of Fed. R. App. P. 35(b)(2) because the answer, excluding the portions exempted by Fed. R. App. P. 32(f), is 637 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 12-point Century Schoolbook BT.

/s/ Aaron T. Dozeman
AARON T. DOZEMAN
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 793-1473
adozeman@atg.state.il.us

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 21, 2020, I electronically filed the foregoing Answer of State Defendants-Appellees Kim Butler and Lori Oakley with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I further certify that the other participants in this appeal, named below, are CM/ECF users, and thus will be served via the CM/ECF system.

    Benjamin G. Minegar
    Rajeev Muttreja
    Jones Day
    bminegar@jonesday.com
    rmuttreja@jonesday.com

    Timothy C. Sansone
    Abbey A. Fritz
    Sandberg Phoenix & Von Gontard P.C.
    tsansone@sandbergphoenix.com
    afritz@sandbergphoenix.com

    /s/ Aaron T. Dozeman
    AARON T. DOZEMAN
    Assistant Attorney General
    100 West Randolph Street
    12th Floor
    Chicago, Illinois 60601
    (312) 793-1473
    adozeman@atg.state.il.us